Dyer *v.* The State.

## SKEET DYER *v.* THE STATE.

1. CRIMINAL LAW. *Plea in abatement.* The court may properly strike out, on motion, a plea in abatement to an indictment after the defendant has gone to trial on the merits alone, whether the plea was filed before or after the commencement of the trial.

2. SAME. *Same.* A plea in abatement to an indictment that the court was opened by the clerk, the judge being absent, and that the grand jury were *attempted* to be elected, empaneled and sworn by the Attorney-General, is bad.

3. SAME. *Same.* *Quere,* whether such a plea, if sufficient in form, can be allowed where the record of the court states that the grand jury were properly elected, empaneled and sworn by the judge?

FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger county. J. G. ROSE, J.

J. K. SHIELDS for Dyer.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

At the December term, 1882, of the circuit court of Grainger county, the plaintiff in error was indicted for a misdemeanor. The record of the term shows that on the day fixed by law for holding the term, the court was opened by the regular judge, the other officers being present, that a *venire facias* was properly issued and returned, and that from the jurors summoned, the court "proceeded to as directed by the statutes in such case made and provided to select and empanel a grand jury, when were elected the following good and lawful men," naming them; "and the said grand jury, having been duly summoned, elected and empaneled, were sworn and charged by the court, and retired to consider if indictments," etc. The indictment was found, and returned into court on the next day by this jury. At the next term of the court, and on April 24, 1883, the plaintiff in error filed a plea in abatement, that the grand jury who found the indictment were not legally elected, empaneled and sworn;

Dyer *v.* The State.

that the regular judge of the court was absent, and no regular judge present, and no attorney at law elected to preside; but that the court was opened by the clerk, " and the said grand jury attempted to be elected, empaneled, sworn and charged by the Attorney-General for the said judicial circuit (naming him), he having no authority in law to hold the court, preside therein, or organize the said grand jury." On the same day, the defendant was arraigned upon the indictment, and pleaded not guilty, whereupon a jury to try the issue joined was elected and sworn, and "respited from rendering their verdict" until the next day. Then follows in the transcript an entry as of the same date, that the parties appeared in open court, and the Attorney-General moved " to strike out the pleas filed by the defendant," and the court allowed the motion, to which defendant excepted. On the next day the jury rendered a verdict "that the defendant was guilty in manner and form as charged," and judgment was rendered accordingly. The defendant appealed in error.

The natural inference from the order of entries as they appear in the transcript would be, that the defendant first filed his plea in abatement, was then arraigned, pleaded not guilty, and went to trial on the issue joined in this plea, and that afterwards the plea in abatement was stricken out by the court upon the motion of the State.

In this view, the action of the circuit judge was correct. For all objection to the election and qualification of the grand jury is waived by a plea to the merits, and going to trial thereon, even if a plea in

abatement has been filed but not acted on: *Epperson* v. *State*, 5 Lea, 291; 1 Bish. Crim. Prac., sec. 886. Neither the motion nor the entry of the action of the court shows the ground on which the State moved and the court decided. If the plea in abatement was filed after the commencement of trial, it was, for the same reason, properly stricken out. And the fact that the proceedings were on the same day would make no difference. For the term is only of one day, while the order of time may always be shown by the record, or by evidence not in conflict with the record, whenever the rights of litigants require.

If the filing of the plea, and the action of the court in striking it out both preceded the plea of not guilty, then the question of the sufficiency of the plea would arise. Such pleas, as this court has always held, must possess the highest degree of certainty known to the law in every particular. They must exclude, by proper allegations, every legal intendment or conclusion that might otherwise have been made against them: *State* v. *Wills*, 11 Hum., 222; *State* v. *Bryant*, 10 Yer., 527; *State* v. *Deason*, 6 Baxt., 511. The plea does aver broadly that the grand jurors were not legally elected, empaneled and sworn, which is only the averment of a conclusion, not of facts from which the court may draw its own conclusion: *Daniel* v. *State*, 3 Heis., 257; *State* v. *Jackson*, 3 Leg. Rep., 301. But the draftsman undertakes to state the facts on which he intends that his general averment shall be considered as resting. These facts are that the regular judge was absent at the beginning of the

term, and the court was opened by the clerk; that while there was no judge present, "the grand jury was *attempted* to be elected, empaneled, sworn and charged" by the Attorney-General. The language may mean that the Attorney-General, after the clerk had opened the court and before any qualified judge had taken the bench, *attempted* to empanel the jury, that is, went through the forms, perhaps in jest, used in such cases. In this view, the plea was clearly insufficient, for it does not necessarily negative the selection of the jury properly when the judge did take the bench.

If, indeed, the grand jury were elected, empaneled and sworn by the Attorney-General, and not by the presiding judge, the proceeding was clearly illegal.

Persons deprived thereby of one of the safe-guards thrown about them by the laws ought, it would seem, to have some remedy. The record of the court shows, however, that the grand jury were properly elected, empaneled and sworn. The defendant, by his plea, seeks to impeach the verity of the record. If the defendant may do this, because there is no other remedy open to him, by plea in abatement, he ought, by his plea to negative every reasonable intendment in favor of the record. He ought, therefore, to have averred that the grand jury were not in fact elected, empanele, and sworn at all by the presiding judge, and that the minutes of the court were fraudulently made up in their present form contrary to the truth. In this view also, the plea is wanting in the required certainty, and was properly stricken out.

33—VOL. 11.

By statute it is made the duty of every judge in this State to attend and hold his courts at the time prescribed by law: Code, sec. 4220. Minutes of the proceedings of the court are required to be kept by the clerk: Code, sec. 4040, sub-sec. 4. And these minutes are to be read in open court every morning, and signed by the judge: Code, sec. 4101. These minutes are thus made the highest evidence of what is done in the court, and, so far as they are records of judicial proceedings, import absolute verity, and are conclusive unless attacked for fraud: *Conway* v. *Brown*, 5 Heis., 237; *Smith* v. *State*, 9 Hum., 10. A plea alleging matter contrary to the record is bad: 1 Bish. Cr. Pr., secs. 885, 1346. And the record may therefore be looked to in passing upon the sufficiency of a plea, for it would be useless to allow it when the only evidence admissible upon issue taken would be the record itself: *State* v. *Collins*, 6 Baxt., 151; *Turk* v. *State*, 7 Ohio, 240.

In England, indictments found by inferior tribunals were taken up to the King's Bench by *certiorari*, accompanied by a caption which was a historical statement by the clerk of the inferior court of the selection of the jury, and finding of the indictment: *McClure* v. *State*, 1 Yer., 206, 216; *State* v. *Long*, 1 Hum., 386. Under this system a plea lay to the qualification of the grand jury. We have followed the English law without noticing the effect, if any, of a change of system: *Bennet* v. *State*, M. & Y., 133; *State* v. *Duncan*, 7 Yer., 271; *State* v. *Baker*, 4 Hum., 12; *State* v. *Deason*, 6 Baxt., 511. The actual de-

cisions, it is believed, have been where a juror was averred to be deficient in some prescribed qualification, disqualified by relationship to the prosecutor or the party, or not in fact selected as a juror, averments not necessarily contrary to any positive finding of the record. The usual recital that the jurors are "good and lawful men," is rather the statement of a conclusion than of a fact, and the qualification of the jurors is not in reality tried. But the grand jury is required to be, and is elected, empaneled and sworn by the court, and an averment otherwise is necessarily contrary to the record. There may be some doubt, therefore, whether the plea before us falls within the principle of our decisions. But it is not now necessary to decide the point.

Affirm the judgment.