Walter Edward BRILEY, Jr., Appellant,

v.

Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.

No. 20454.

United States Court of Appeals Ninth Circuit.

April 12, 1967.

Donald Duchow, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of California, Robert R. Granucci, Don Jacobson, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before POPE, HAMLEY and DUNIWAY, Circuit Judges.

PER CURIAM:

Walter Edward Briley, Jr., in California penal custody under a judgment of conviction of second degree murder, entered on a plea of guilty, applied to the district court for a writ of habeas corpus. The application was denied without hearing, and Briley appeals.

In his application Briley listed six reasons why, in his view, a writ should be granted. They are as follows: (1) articles obtained from his home and automobile as a result of illegal searches and seizures were used against him at the preliminary hearing; (2) investigating officers obtained Briley's consent to a lie detector test concerning possible robbery charges, and then used the test to obtain incriminating reactions from him concerning the murder in question; (3) interrogating officers obtained incriminating statements from him without advising him of his right to the assistance of counsel or his right to remain silent, and without warning him that anything he might say could be used against him; (4) the preliminary hearing was not held within the time prescribed by statute; (5) after Briley's retained counsel had objected to continuing the preliminary hearing beyond the time required by statute, he was called back to court without notice to his attorney and the court appointed the Public Defender to represent him, the latter then waiving the statutory time limit; and (6) stipulated evidence was received at the preliminary hearing.

A guilty plea primarily motivated by a deprivation of a fundamental constitutional right cannot stand. Doran v. Wilson, 9 Cir., 369 F.2d 505. But since there is here no allegation that

Briley's plea of guilty was so motivated, that plea constitutes a waiver of all of the defenses asserted in his application, none of which are jurisdictional in nature. See Thomas v. United States, 9 Cir., 290 F.2d 696, 697.

The district court therefore correctly dismissed the application without hearing. See 28 U.S.C. § 2243 (1964). We need not decide whether any of the grounds advanced in the application invoke a constitutional right. We do note, however, that the search and seizure point is in any event without substance because the exclusionary rule announced in Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, decided in 1961, may not be applied retroactively to this 1959 conviction. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Sessions v. Wilson, 9 Cir., 372 F.2d 366, 368.

Affirmed.