**James Edward ELMER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 21264.

United States Court of Appeals Ninth Circuit.

May 5, 1967.

Rehearing Denied June 5, 1967.

Morton Galane, Las Vegas, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U S. Atty., Las Vegas, Nev., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM:

█ From the testimony of the arresting officer, the district court could conclude, as by necessary implication it did, that when appellant accompanied the police officer to the station and made statements regarding the offense he acted voluntarily and with knowledge of his rights; that the arrest occurred thereafter, and hence was supported by probable cause; and that the search of appellant's wallet followed immediately upon the arrest and was incident to it. Appellant's arguments, resting on the premise that the arrest occurred when the officer first contacted appellant and was unlawful because unsupported by probable cause, must therefore fall.

█ From the whole of the evidence, the district court could also conclude, as it did, that the appellant's statements to the police officer, and subsequently to the FBI agent, were voluntary, and not the product of a will overborne by alcohol and police pressure as appellant, contended.

█ The district court may have thought, mistakenly, that a guilty plea could be valid because "voluntary," even though induced by prior violation of the accused's constitutional rights. It is clear now, if it was not then, that "A guilty plea primarily motivated by a deprivation of fundamental constitutional right cannot stand." Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967) (No. 20,454, April 12, 1967). But appellant could not have been prejudiced by the district court's misapprehension for, as we have said, the district court found, and we agree, that appellant failed to establish that his constitutional rights were violated prior to his plea.

On the whole record the district court could properly find, as it did, that appellant's guilty plea was "voluntarily made and free from coercion and misrepresentations."

Affirmed.