Thomas J. McCORD and Milton Anglin,
Petitioners-Appellants,

v.

C. Murray HENDERSON, Warden,
Respondent-Appellee.

No. 17735.

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1967.

Milton Anglin and Thomas J. McCord, in pro per.

Robert H. Dedman, Sp. Counsel of Tennessee, Nashville, Tenn., Henry C. Foutch, Asst. Atty. Gen., of Tennessee, Nashville, Tenn., on the brief, for appellee.

George F. McCanless, Atty. Gen., and Reporter of Tennessee, of counsel.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This cause is before the Court upon the appeals of Thomas J. McCord and Milton Anglin from denial, without evidentiary hearing, of their identical petitions for writs of habeas corpus. They are both imprisoned in a state prison of Tennessee under sentences imposed upon their pleas of guilty to first degree murder. Prior to and at the time of their pleas and sentences, they were both represented by separately retained counsel, whose abilities and fidelity to duty are not challenged.

Petitioners' claims of deprivation of federally granted constitutional rights are: First, that their arrest by Maury County officers was illegal; Second, that confessions obtained by coercive methods "induced" them to plead guilty; and Third, that the method of determining the degree of the offense and the sentence to be imposed violated provisions of the Tennessee Code, §§ 39–2404 and 40–2310.

The Supreme Court of Tennessee, in affirming dismissal of state habeas cor-

pus proceedings, described the criminal conduct of petitioners as follows:

"The arrest, indictment and trial of the petitioners arose out of the murder of an elderly woman, who was a resident of Maury County, Tennessee, on August 6, 1964. Petitioners admittedly planned to rob the residence of the deceased, and in connection with their attempt to break and enter into her residence, one of the petitioners shot and killed her."

The petitioners do not question the accuracy of the foregoing recital of their felonious conduct.

### 1. Illegal arrest.

■ Petitioners claim they were arrested on suspicion and without warrants, by officers of Maury County, Tennessee, acting without permission in Davidson County, Tennessee. We need not examine this claim if the petitioners voluntarily entered pleas of guilty, for such pleas constitute a waiver of nonjurisdictional defenses to the conviction. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (CA 3, 1965); Davis v. United States, 347 F.2d 374 (CA 9, 1965). "[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952).

### 2. Confession and involuntary plea.

The crime was committed August 6, 1964; the petitioners' pleas of guilty were accepted and their sentences imposed January 18, 1965; the involved petitions for habeas corpus were filed November 14, 1966, after like relief was denied by the Tennessee courts. The District Judge issued an order to show cause, the return to which brought the entire record of the Criminal Court of Maury County, Tennessee, before the District Court. This disclosed that petitioners were for some time prior to trial date represented by different retained counsel.

■■ T.C.A. § 39–2404 provides that "if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly." An agreement had been reached between the Assistant Attorney General and counsel representing the petitioners as to the degree of crime and sentence to be recommended to the jury on pleas of guilty. Both the Assistant Attorney General and counsel for the petitioners addressed the jury, urging them to accept the settlement which had been worked out, and not to impose the death penalty. The transcript of these addresses and the colloquy between the Court, counsel and petitioners exhibit the fairness of the proceeding. Complaint is made that the Assistant Attorney General read excerpts from the confessions. We note that he did so, but for the purpose of exculpating the defendants from premeditated and deliberate killing in the course of the attempted robbery. In any event, we find that petitioners voluntarily and knowingly waived any alleged constitutional infirmities in these statements by their voluntary pleas of guilty.

Immediately following the statements to the jury by counsel, each petitioner was asked whether he wished to change his plea to guilty, and whether his doing so was understandingly and voluntarily made. At a later stage in the proceedings similar inquiries were made of petitioners, and defendant McCord said: "I'd just like to say that I've got no hard feelings against you and none of the Jury and nobody that's connected, the arresting officers nor nothing." It is quite obvious that the pleas of guilty were the product of careful consideration given to the matter by the petitioners and their counsel, with avoidance of a death sentence one of the chief objectives. Commenting upon the conduct

of the state trial judge, the District Judge said:

"The Court has seldom seen a better example of scrupulous care on the part of a trial judge in accepting pleas of guilty."

The facts here do not fit those involved in Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Jones v. Cunningham, 397 F.2d 851 (CA 4, 1962); or United States ex rel. Perpiglia v. Rundle Warden, 221 F.Supp. 1003 (E.D.Pa.1963) all relied upon by petitioners.

In dealing with a like situation where a voluntary plea of guilty followed an allegedly coerced confession we held in Gray v. Johnson, 354 F.2d 986, 988 (CA 6, 1965), cert. den., 383 U.S. 961, 86 S.Ct. 1232, 16 L.Ed.2d 304:

"The plea of guilty constituted a waiver of the alleged prior violation of appellant's constitutional rights. United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964); Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961)."

Under all the circumstances, we find that the District Judge was correct in denying the petitions without a hearing. See Section 4, infra.

### 3. Violation of Tennessee procedure.

■ The evidence given to the jury consisted mainly of a recital of facts made by the Tennessee District Attorney General. Counsel for each petitioner had stipulated to the correctness of such recital. Petitioners complain that only by producing before the jury eye witness or other direct evidence of guilt could the Tennessee procedure be obeyed. In affirming dismissal of the state habeas corpus proceeding, the Supreme Court of Tennessee discussed, without finding fault, the procedure followed in the State Court. We are of the opinion that if there was less than satisfactory compliance with Tennessee law in submitting evidence to the jury, it did not deny petitioners fair treatment or any fundamental constitutional right. Violation of a state statute does not, by itself, constitute deprivation of any right granted by the United States Constitution. Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497, 504 (1944); Beck v. Washington, 369 U.S. 541, 554–555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Townsend v. Sain, 372 U.S. 293, 311–312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

### 4. Evidentiary hearing.

■ We are mindful of the requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), but upon consideration of the whole record before the District Judge, we do not think there was need for an evidentiary hearing. Petitioners presented only one claim wherein it was necessary for the District Judge to resolve a factual dispute—the claim of involuntary pleas of guilty. From the record before him he could find that the petitioners had received a full and fair hearing by the trial court at the time of entering their pleas. The return was not traversed and its contents were accepted as true. 28 U.S.C. § 2248. If the pleas be seen as waivers of the allegedly coerced confessions, we think the requirements of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) have also been met:

"If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, * * * then it is open to the federal court on habeas to deny him all relief * * *—though of course only after the federal court has satisfied itself, *by holding a hearing or by some other means,* of the facts bearing upon the applicant's default." (Emphasis supplied.) 372 U.S. at 439, 83 S.Ct. at 849.

Judgment affirmed.