# STATE OF TENNESSEE ex rel. DICKIE LEE LAWRENCE, Plaintiff in Error, v. C. MURRAY HENDERSON, Warden, Defendant in Error.

Court of Criminal Appeals of Tennessee. June 18, 1968.

Certiorari Denied by Supreme Court Nov. 4, 1968.

200

Freeman C. Marr, Robert E. Rose, Memphis, for plaintiff in error.

George F. McCanless, Atty. Gen. of Tenn., Nashville, Thomas E. Fox, Deputy Atty. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

Plaintiff in error, the petitioner below, has appealed to this Court from two judgments of the Criminal Court of Shelby County dismissing his two separate petitions for the writ of habeas corpus, after evidentiary hearings.

One petition was filed February 16, 1967 and was dismissed by order entered on October 6, 1967. The second petition was filed on October 9, 1967 and judgment dismissing this case was entered on November 16, 1967.

Upon a plea of guilty, the petitioner was convicted in the Criminal Court of Shelby County on April 4, 1960 of an assault and battery upon a female child under the age of twelve years with the intent to have unlawful carnal knowledge of her. He was represented by the Shelby County Public Defender, and was sentenced to imprisonment in the penitentiary for life. This indictment obviously was predicated upon T.C.A. § 39-606 which proscribes such conduct and makes it punishable as in the case of rape, that is, by death by electrocution, or, in the discretion of the jury, by imprisonment in the penitentiary for life or for not less than ten years. It appears in this record that the child in question was between ten and eleven years old and was the sister of the defendant's wife, and that the defendant actually raped this child and seriously injured her in so doing. When asked by his own court-appointed counsel during the habeas corpus hearing on October 6, 1967 whether he had anything to do with a sexual assault on this little girl, the petitioner replied, "That has nothing to do with the habeas corpus proceedings."

In disposing of the second petition, the court directed that any appeal from the judgments dismissing these two petitions should be combined. This has been done. The Assignments of Error encompass the alleged errors of the trial court in dismissing both petitions. They are that it was error to dismiss these petitions because:

1. Defendant was denied the right of counsel for an unreasonable length of time.

2. Defendant was denied zealous, efficient and effective support of his defense after counsel was appointed.

3. Defendant's guilty plea was not free and voluntary.

4. Defendant was not given a copy of the indictment nor panel of Grand Jurors.

5. Defendant alleges that the Trial Judge did not charge the jury.

6. Defendant was not permitted to subpoena witnesses at hearing of Petition for Writ of Habeas Corpus at the State's expense.

7. That the denial of Petition for Writs of Habeas Corpus were based not only upon facts presented at the hearings for Writs of Habeas Corpus, but on personal opinion of the Trial Judge.

8. The defendant's two Petitions for Writ of Habeas Corpus were illegally consolidated.

9. That the above enumerated assignments of error constitute violation of defendant's constitutional right to due process of law.

10. That no evidence was presented to the jury at the time defendant's guilty plea was entered.

In considering these Assignments of Error, we must adhere to the settled rule that the findings of the trial court, upon questions of fact, are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; Gray v. Johnson, (6th Cir., 1965) 354 F.2d 986; Bates v. Meadows, (6th Cir., 1966) 358 F.2d 674.

With respect to the first Assignment, it is

sufficient to say that this record shows that the petitioner did not make any confession or give any other extra-judicial statement during the period complained about, between his arrest on Sunday morning and his preliminary hearing on Tuesday, nor at any other time; he never made any statement whatsoever, either exculpatory or inculpatory, which was ever used against him at the preliminary hearing or at his trial; he entered a plea of not guilty at his preliminary hearing. Clearly, the petitioner was in no way prejudiced and no constitutional right of his was infringed by the fact that he was not represented by counsel prior to and during his preliminary hearing. There is no constitutional mandate requiring a preliminary hearing in this State. State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165. Nor does an accused have a constitutional right to a preliminary hearing. State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W. 2d 310; Dillard v. Bomar (6th Cir.) 342 F.2d 789. Since a preliminary hearing is not a critical stage of a criminal prosecution in this State, and is not constitutionally required, an accused has no constitutional right to be represented by counsel at a preliminary hearing. State ex rel. Reed v. Heer, supra.

The second Assignment, in which the petitioner complains about his representation by appointed counsel, is completely refuted by this record. The Public Defender of Shelby County was appointed to represent him. Prior to trial, a Mr. Cleaves of the Public Defender's office, interviewed the petitioner at least one time. Mr. Hugh Stanton, Sr., the Public Defender in Shelby County for twenty-two years, a lawyer of extensive experience and great ability and unquestioned

integrity and fidelity to the cause of his clients, conferred with the petitioner two or three times and represented him in the trial. It is common knowledge in the legal profession, attested by the experience of every trial lawyer, that the time necessary and sufficient for pre-trial preparation essential to effective representation of an accused is determined by the varying circumstances of each case. Some cases require less pre-trial investigation and preparation than others. For these reasons it is impossible to establish or fix a definite period of time that an attorney representing an accused person should devote to pre-trial preparation of the case. There is nothing in this record to give any support to the charges implicit in the second Assignment of Error.

The petitioner's third Assignment of Error, that his plea of guilty was not free and voluntary, is likewise untenable. A guilty plea induced by promises or threats or other coercion is not voluntary and is a nullity, and a conviction based on such an involuntary plea of guilty is void. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Olive v. United States, (6th Cir.), 27 F.2d 646, cert. denied 377 U.S. 971, 84 S.Ct. 1653, 12 L.Ed.2d 740; Scott v. United States, (6th Cir.), 349 F.2d 641. In State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497, our Supreme Court recognized this universal rule: "It is recognized in this State, as in all jurisdictions, that a plea of guilty must be made voluntarily and with full understanding of its consequences." And in Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7, the Court said: "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted

unless made voluntarily after proper advice with full understanding of the consequences."

This record does not sustain the petitioner's insistence that he was coerced to plead guilty by the threats of the prosecuting attorney and the Public Defender that he would get the death penalty if he went to trial, and by the importunities of his wife and mother. He was charged with a capital offense, a heinous and horrendous crime, repulsive and depicable and indefensible upon any conceivable ground. When Mr. Stanton advised him of the seriousness of the charge and that he could possibly receive the death penalty and that he was apprehensive that he would be sentenced to electrocution if he went to trial, as indeed he well might have been, and that the State had agreed to a sentence of life imprisonment upon a plea of guilty, the petitioner freely and voluntarily and understandingly agreed to enter a plea of guilty and was satisfied with the result.

Mr. Stanton testified that after conferring with the Attorney General and getting an offer he explained the whole matter to the petitioner and that he said that he wanted to enter a plea of guilty, and that he was willing to do so; "Well, he at the time, we entered this plea, he was really happy we had done it. That's just all there is to it. That's one thing I have never done is to enter a plea of guilty over a man's protests, in other words, that's one of our base rules. We tell these fellows, that if these people want to go to trial, irrespective to what your judgment is, let them go to trial and insist on it." The fact that petitioner was represented by able counsel at the time his guilty pleas were entered is a factor which strongly militates against his insistence that

his pleas were involuntary. Reed v. Henderson, (6th Cir., 1967) 385 F.2d 995.

In his fourth Assignment of Error, he complains that he did not receive a copy of the indictment nor a list of the panel of Grand Jurors; in the fifth Assignment, the complaint is that the trial judge did not charge the jury; and in his tenth Assignment, his grievance is that no evidence was presented to the jury at the trial when he entered a plea of guilty. After the plea of guilty was entered, the record shows that the Attorney General stated the case to the jury, and the sentence agreed upon and recommended, and that the jury sentenced the petitioner accordingly.

In State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, the Court said:

"Although T.C.A. § 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or federal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W.2d 71; McCord and Anglin

v. Henderson, Warden, C.A.6th Cir., 384 F.2d 135, opinion filed October 25, 1967."

In McCord and Anglin v. Henderson, (6th Cir., 1967) 384 F.2d 135, the Court said:

"The evidence given to the jury consisted mainly of a recital of facts made by the Tennessee District Attorney General. Counsel for each petitioner had stipulated to the correctness of such recital. Petitioners complain that only by producing before the jury eye witness or other direct evidence of guilt could the Tennessee procedure be obeyed. In affirming dismissal of the state habeas corpus proceeding, the Supreme Court of Tennessee discussed, without finding fault, the procedure followed in the State Court. We are of the opinion that if there was less than satisfactory compliance with Tennessee law in submitting evidence to the jury, it did not deny petitioners fair treatment or any fundamental constitutional right. Violation of a state statute does not, by itself, constitute deprivation of any right granted by the United States Constitution. Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497, 504 (1944); Beck v. Washington, 369 U.S. 541, 554-555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Townsend v. Sain, 372 U.S. 293, 311-312, 83 S.Ct. 745, 9 L.Ed. 770 (1963)."

██ ██ In the petition filed October 9, 1967 petitioner says he was entitled to a copy of the indictment and a copy of the panel of the Grand Jury. He does not say that he ever requested either or that access thereto was ever denied him. Although the petitioner was entitled to a copy of the indictment (T.C.A. § 40-2008) if

he had requested it, and a copy of the panel of the Grand Jury to enable him to file a plea in abatement to the indictment for incompetency of the Grand Jurors (T.C.A. § 40-2505; Bennett v. State, 8 Tenn. 133), if he had requested it, he waived these matters by going to trial upon a plea of guilty. If the defendant does not object by motion or plea in abatement, to the venire or to the jurors summoned under it, before he pleads to the indictment, an objection thereafter is too late. State v. Cole, 28 Tenn. 626; McTigue v. State, 63 Tenn. 313; Epperson v. State, 73 Tenn. 291; Dyer v. State, 79 Tenn. 509; Turner v. State, 89 Tenn. 547, 15 S.W. 838; Ellis v. State, 92 Tenn. 85, 20 S.W. 500; Chairs v. State, 124 Tenn. 630, 139 S.W. 711.

Where a defendant does not demand a copy of the indictment a waiver thereof is implied. Cogdell v. State, 193 Tenn. 261, 246 S.W.2d 5.

Upon pleading guilty, the petitioner admitted all facts alleged and waived all non-jurisdictional defects. Reed v. Henderson, supra. A voluntary plea of guilty constitutes a waiver of non-jurisdictional defenses and the alleged prior violation of the accused's constitutional rights. McCord and Anglin v. Henderson, supra.

Under the circumstances, there was no disputed issue of fact before the jury. No explanation of any legal principle was involved. Hence, the court did not err by not delivering a formal charge to the jury.

"Moreover, there is no per se violation of a federal or state constitutional right by non-compliance with

the strict terms of the statute." State ex rel. Barnes v. Henderson, supra.

■ The sixth Assignment of Error is predicated upon the contention that the trial judge permitted the defendant's ex-wife living in Nashville, to give her deposition by interrogatories and declined to have her subpoenaed to testify in person at the hearing. The deposition was taken on October 2, 1967 and was admitted in evidence. T.C.A. § 40-3817 provides: "Evidence may be taken orally or by deposition, or in the discretion of the judge by affidavit. If affidavits are admitted, any party shall have the right to propound written interrogatories to the affiants or to file answering affidavits." Also, in his petition filed February 16, 1967 he also insisted that no action was taken upon his request to have the child's two brothers brought from another state as witnesses, upon his assertion that the child had admitted having had sexual relations with them. Even if that were true, the petitioner could not urge that circumstance as an excuse or defense for raping the child nor to mitigate his punishment. There is no evidence in this record to indicate that any prejudice resulted to the petitioner from his ex-wife being permitted to testify by deposition or from the absence of his victim's brothers at his trial. These contentions are without merit.

■■ The seventh Assignment of Error, that the dismissal of the petition for the writ of habeas corpus was partly based upon the opinion of the trial judge, has reference to comments made by the court, in rendering his opinion, concerning Mr. Stanton's ability and standing as a defense lawyer during thirty years of acquaintance and observance of him, at the bar and from

the bench. This was not error. A trial judge has peculiar opportunity to observe and evaluate the character, competence, industry and fidelity of the lawyers who regularly appear before him day in and day out. It is not error for the trial judge to expressly refer to his estimate and appraisal of such a lawyer in passing on questions involving his credibility.

The complaint in the eighth Assignment of Error, that the two petitions for the writ of habeas corpus were illegally consolidated, cannot be sustained. The two petitions were not consolidated. They were heard separately on different dates, as indicated at the outset. The trial court simply directed that they be presented together upon appeal to this Court. That has been done. Petitioner has thus had the benefit of appellate review of the judgment of the trial court in both cases.

The ninth Assignment of Error is a catch-all assertion that "the above enumerated assignments of error constitute violation of defendant's constitutional right to due process of law." In our view, from a careful review of the entire record in both of his petitions for the writ of habeas corpus, no prejudicial error occurred in the defendant's trial, and he was not deprived of any constitutional right.

The burden of proving his allegations that his conviction and sentence are void was on the petitioner. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232. He has not carried that burden. We cannot hold, upon the records of these two habeas corpus cases, that the evidence preponderates against the findings and judgments of the trial judge.

All of the Assignments of Error are overruled, and the judgment of the trial court dismissing each of the petitions for the writ of habeas corpus is affirmed.