**J. D. BOOKER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 19042.

United States Court of Appeals Sixth Circuit.

April 7, 1969.

John D. Booker, in pro. per.

John H. Reddy, U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

James D. Booker, petitioner appellant, appeals from orders of the United States District Court denying his motion to vacate sentences under Section 2255, Title 28, U.S.C. and other motions described in the memorandum and order of Judge Taylor. The appellant was sentenced on July 15, 1965 to ten year sentences on each of ten counts of an information charging him with transporting in interstate commerce falsely made and forged securities (checks) knowing them to have been so made and forged in violation of Section 2314, Title 18, U.S.C. The sentences were to run concurrently. In addition the appellant received an 18 month sentence on a Rule 20 Transfer from the Eastern District of Arkansas to run concurrently with the ten year sentences.

The appellant has written checks all over the country and has fleeced the public out of thousands of dollars as indicated by the transcript of the proceedings before the sentencing judge. From the volume of scarcely decipherable hand written papers filed in the District Court and in this Court the appellant is apparently seeking to write himself out of the penitentiary.

One of the claims of the appellant in his 2255 motion is that he got intoxicating liquor in jail and that he was intoxicated at the time he entered his plea of guilty to the ten counts of the information. From the record it appears that Judge Taylor spent a great deal of time with the accused and was very sympathetic with him. He expressed the hope that he would "change around so as to be a good man and so as to obey the law * * *." To this end he made the sentences subject to Section 4208(a) (2) by which "the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine." A reading of the transcript, which is before us in the respondent's appendix, belies such a claim as this one made by the appellant. A more preposterous claim can hardly be conceived than that a lawyer would bring a client into court in a drunken condition and that Judge Taylor would sentence him to ten years while in such a condition. The appellant was represented by able counsel and he, having already served two or three penitentiary sentences, knew what he was doing.

All of the questions presented on this appeal are well considered and disposed of in Judge Taylor's memorandum and order of November 1, 1967. We affirm the judgment of the District Court upon the memorandum and order of Judge Taylor, copy of which is attached as an appendix.

## APPENDIX

### MEMORANDUM AND ORDER

This matter is before the Court on various motions of the defendant.

A previous motion of petitioner was acted upon by order entered on September 11, 1967.

An examination of the files shows that petitioner was before the Court on July 15, 1965 on a ten count information charging unlawful and fraudulent transportation in interstate commerce of a falsely made and forged security in violation of Title 18 U.S.C. Section 2314. At that time he was given a sentence of ten years on the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth counts of the information, the sentences to run concurrently, and he was made eligible for parole at such time as the Board of Parole may determine, as authorized by § 4208(a) (2) U.S.C. Title 18.

Defendant was again before the Court on the 26th of July, 1965 on a charge of presenting to the Treasury Department of the United States for payment a claim against the United States, which he knew to be fraudulent, in violation of Title 18, U.S.C. Sec. 287. He was given an eighteen month sentence on each of the two counts in the information, that sentence to run concurrently with the sentence imposed on July 15, 1965 in Case No. 17,206.

By motion filed October 16, 1967, petitioner prays that the judgments and sentences be vacated and that he have an early and speedy hearing.

The grounds of his motion are that the Court erred in not declaring a mistrial and refusing to accept a guilty plea due to his illegal arrest, search and seizure and because he was under the influence of alcohol when he plead to the same; that no federal law was violated; that the Court erred in accepting a plea of guilty to an erroneous indictment of forgery; that no forgery existed.

Petitioner entered pleas of guilty to each of the foregoing informations. This claim is made too late since petitioner entered pleas of guilty to the informations. McCord v. Henderson, Warden, 1967, 384 F.2d 135, by the Sixth Circuit Court of Appeals.

The charge that the Court was in error in accepting a plea of guilty because petitioner was under the influence of alcohol is without merit. The petitioner was not under the influence of alcohol at the time he entered his plea of guilty.

The charges that no federal law was violated and that no forgery existed are lacking in merit. These are matters which should have been raised on appeal.

Finally, petitioner asserts that he was ignorant of the law and without mental capacity to acknowledge what was transpiring in the courtroom.

If petitioner intends to imply that he was mentally insane at the time the Court accepted his pleas of guilty, this, too, is without merit. Petitioner was not insane at the time he entered his pleas and nothing was brought to the attention of the Court that would indicate that he was insane. The affidavit of Mr. Cecil Meek, his court-appointed attorney, an ex-Assistant U. S. District Attorney for this District, shows that petitioner was neither intoxicated nor insane at the time he entered his pleas. Aside from this affidavit, the Court knows that he was neither intoxicated nor insane at the time he entered his pleas.

Petitioner's motion to vacate filed October 16, 1967, in the opinion of the Court, is without merit and is, therefore denied.

Petitioner presented another paper to the Court entitled "Motion" dated Octo-

ber 18, 1967. He asserts in that paper that he does not want to burden the Court or put the Court to the trouble of bringing him back for an oral hearing and does not want "to sue the Court, for illegal search and seizure, or the F.B.I. nor the motel owner for my belongings." The F.B.I. has filed affidavits to the motion showing what was found as a result of the search.

The paper is wound up with this statement: "If you will help me this time, I will forget all about the motel, the illegal search and seizure, and, I hold no grudge toward anyone, Respectfully submitted. Honorable Senator Kennedy and Senator Talmadge. Advised this too."

Since more than 120 days have passed since rendition of this judgment, this Court is without jurisdiction to grant the relief petitioner has requested and the motion is, therefore, denied.

Petitioner had addressed another paper to Hon. J. H. Reddy, United States Attorney, entitled a "Motion". Civil Action No. 6118. In this petition he requests of the Court, Clerk of the Court, District Attorney, that "while awaiting the Court Reporter, to make up a transcript, for the court's use, would you please prepair (sic) one for me, J. D. Booker, with the photostatic copies of the following: 1. Copy of Bill of Information, 2. Copy of Preliminary Hearing, 3. Copy of Indictment, 4. Copy of Transcript of Trial, 5. Copy of Sentencing and Commitment, 6. Copy of all, related matters in the case that are of record please?"

The Court is without authority to grant the relief asked for in this petition.

In the opinion of the Court, petitioner is not entitled to an evidentiary hearing. The latest holding of our Sixth Circuit Court of Appeals on this subject was an-

nounced in the case of McCord v. Henderson, Warden, supra, in which the Court said:

"We are mindful of the requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), but upon consideration of the whole record before the District Judge, we do not think there was need for an evidentiary hearing. Petitioners presented only one claim wherein it was necessary for the District Judge to resolve a factual dispute—the claim of involuntary pleas of guilty. From the record before him he could find that the petitioners had received a full and fair hearing by the trial court at the time of entering their pleas. The return was not traversed and its contents were accepted as true. 28 U.S. C. Sec. 2248. If the pleas be seen as waivers of the allegedly coerced confessions, we think the requirements of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) have also been met:

" 'If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, * * * then it is open to the federal court on habeas to deny him all relief * * *—though of course only after the federal court has satisfied itself, *by holding a hearing or by some other means,* of the facts bearing on the applicant's default.' (Emphasis supplied.) 372 U.S. at 439, 83 S.Ct. at 849."

Having considered each of the motions and believing each is without merit, it is, therefore, ordered that they be, and same hereby are, denied.

Robert Taylor
United States District Court