STATE OF TENNESSEE ex rel. GRADY WYATT, Plaintiff in Error, v. C. MURRAY HENDERSON, Defendant in Error.

453 S.W.2d 434.

Court of Criminal Appeals of Tennessee. Dec. 5, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

H. Wayne Grant, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Paul Harrell, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

Grady Wyatt, the petitioner below, indigent and represented there and here by court-appointed counsel, an inmate of the State Penitentiary where he is serving two concurrent and one consecutive 99-year rape sentences, appeals to this Court from the judgment of the Criminal Court of Hamilton County dismissing his petition for the writ of habeas corpus after an evidentiary hearing. The court treated the petition as one filed under the Post-Conviction Procedure Act. (T.C.A. §§ 40-3801—40-3824).

Called as the petitioner's first witness, the Hamilton County Criminal Court Clerk introduced, at the instance of the petitioner's counsel, copies of the Minutes of Division No. 1 and Division No. 2 of the Criminal Court of Hamilton County, from which it appears that (1) on June 24, 1943, upon a plea of not guilty, the petitioner was convicted of rape in Division No. 1 of the Hamilton County Criminal Court and was sentenced to imprisonment for 99 years in the State Penitentiary; (2) on July 9, 1943 the petitioner's motion for a new trial was withdrawn and his sentence was ordered into execution; (3) on July 9, 1943 in Division No. 2 of the Hamilton County Criminal Court, upon his pleas of guilty, the petitioner was convicted of rape in two separate cases in each of which he was sentenced to imprisonment in the State Penitentiary for 99 years, the court ordering one sentence to run concurrently with the earlier sentence adjudged in Division No. 1 and the other to be served consecutively thereto.

The Criminal Court Clerk also testified that Honorable Frank S. Darwin and Honorable L. D. Miller, the judges of the First and Second Divisions, respectively, of the Criminal Court of Hamilton County at that time, and the Honorable Peabody Howard who was the District Attorney General, are all deceased, facts of which this Court has judicial knowledge.

In his petition, the petitioner attacks his convictions upon the grounds that (1) he was denied his right of appeal, (2) Negroes were systematically excluded from the Grand Juries which indicted him and from the petit juries which tried him, and (3) the State introduced no evidence in his second and third rape trials wherein he

entered pleas of guilty. By appropriate Assignments of Error, he advances the same contentions here.

Petitioner's insistence that he was denied his right of appeal relates to his first rape conviction, and is predicated upon the proposition that in all three of those cases he was represented by court-appointed counsel who persuaded him against his will to withdraw his appeal in the first case and over-persuaded him to plead guilty in the other two cases; and that he, therefore, was denied his constitutional right to effective assistance of counsel. The petitioner says in his petition that he never knew the name of his attorney appointed by the court. At the hearing he alone testified that his trial attorney was court-appointed, and said that he does not know who he was. That is not enough to establish that his trial counsel was court-appointed.

■ The burden of proving this allegation was on the petitioner. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232; State ex rel. Lawrence v. Henderson (Tenn.Crim.App.), 433 S.W.2d 96.

■ ■ The petitioner's uncorroborated testimony does not sustain the burden of proof resting upon him, or justify granting the writ of habeas corpus, where the judgment is regular upon its face and entitled to the presumption of validity. Tibbett v. Hand, 185 Kan. 770, 347 P.2d 353, 355, cert. den. 363 U.S. 854, 80 S.Ct. 1634, 4 L.Ed.2d 1736; Tibbett v. Hand, 294 F.2d 68 (10th Cir. 1961); Ex parte Farrell, 189 F.2d 540 (1st Cir. 1951), cert. den. Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634.

Thus, the petitioner fails in his contention that he was unconstitutionally denied effective representation by court-appointed counsel who failed to perfect and prosecute an appeal of his first rape conviction. Moreover, the court Minutes introduced by the petitioner show that his motion for a new trial in that case was withdrawn on the day he was tried in the other two rape cases; and the petitioner testified at the hearing upon his petition that he did not ask his attorney to appeal anything.

With reference to the charge made in his petition that members of the Negro race were systematically excluded from the juries in his cases, the petitioner testified that there were no Negroes on either jury, and that he does not know or say that Negroes were systematically excluded from his juries, and that he had no knowledge of any such exclusion when that averment was placed in his petition by a fellow prisoner who drafted it. The Criminal Court Clerk, called as a witness by the petitioner, testified that Negroes were regularly summoned for jury duty and were not excluded. Being thus clearly without merit, the second Assignment is overruled.

The third Assignment, in which the petitioner complains that, contrary to T.C.A. § 40-2310, no evidence was presented to the jury in the two cases in which he entered pleas of guilty, is untenable. In State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, in rejecting the same insistence, the Court said:

"Although T.C.A. § 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a

defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or fededal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W. 2d 71; McCord and Anglin v. Henderson, Warden, C.A. 6th Cir., 384 F.2d 135, opinion filed October 25, 1967."

And in McCord v. Henderson, 384 F.2d 135 (6th Cir. 1967), the Court said:

"The evidence given to the jury consisted mainly of a recital of facts made by the Tennessee District Attorney General. Counsel for each petitioner had stipulated to the correctness of such recital. Petitioners complain that only by producing before the jury eye witness or other direct evidence of guilt could the Tennessee procedure be obeyed. In affirming dismissal of the state habeas corpus proceeding, the Supreme Court of Tennessee discussed, without finding fault, the procedure followed in the State Court. We are of the opinion that if there was less than satisfactory compliance with Tennessee law in submitting evidence to the jury, it did not deny petitioners fair treatment or any fundamental constitutional right. Violation of a state statute does not, by itself, constitute deprivation of any right granted by the United States Constitution.

Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497, 504 (1944); Beck v. Washington, 369 U.S. 541, 554-555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Townsend v. Sain, 372 U.S. 293, 311-312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)."

See also, State ex rel. Barnes v. Henderson, post, wherein the Court quoted approvingly the above quotation from McCord v. Henderson, supra, and also said:

"The general rule is to the same effect:

'In general, a plea of guilty in a criminal case is not evidence and does not create evidence; but it does dispense with evidence. Thus it is the general rule that it is not required in order to proceed to judgment, that the government produce evidence of guilt, or of the crime, or of the essential facts or elements thereof. Accordingly, accused, after pleading guilty, ordinarily cannot raise the issue of the sufficiency of the evidence.' 22 C.J.S. Criminal Law § 424(4)."

The petitioner testified that after his first trial his attorney explained to him the possibility of receiving the death sentence in one of the remaining two rape cases upon a plea of not guilty and advised him to plead guilty in those cases and stated that if he did so he would get a 99-year sentence in each case and that those sentences would run concurrently with his first 99-year sentence; that after discussing the matter with his attorney and his mother and grandmother he changed his mind and decided to enter a plea of guilty in the remaining two cases; that no one forced him to plead guilty in those cases; that, although he could have done so, he made no complaint to the court that he did not want to plead

guilty in those cases; and that he entered a guilty plea in those cases "to keep from getting the chair."

■ Here again the uncorroborated testimony of the petitioner is insufficient to establish his contention that his guilty pleas were induced by misrepresentation of his counsel. Considering all of his testimony upon that subject, there can be no reasonable doubt that he weighed the possibility of receiving a death sentence in one or the other of the cases if he went to trial upon a plea of not guilty, and that he knowingly and freely elected to avoid that risk by entering a plea of guilty in each of those cases.

■ The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); Moore v. Rodriguez, 376 F.2d 817 (10th Cir. 1967); Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967); Salazar v. Rodriguez, 371 F.2d 726 (10th Cir. 1967); McCord v. Henderson, 384 F.2d 135 (6th Cir. 1967); Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

■ The law is also settled that a guilty plea is not rendered involuntary by the fact that the accused is faced with an election between a possible death sentence on a plea of not guilty and a lesser sentence upon a guilty plea. Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966).

 A guilty-plea conviction is based entirely upon the plea. Such a plea constitutes a conviction in and of itself and is conclusive. Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; Reed v. Henderson, supra; Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

The judgment of the trial court is affirmed.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., and GALBREATH, J., concur.