Rivers v. State.

WILL RIVERS v. THE STATE.

'(*Knoxville.* September Term, 1906.)'

1. **GRAND JURY.** Objection to formation of, after indictment, must be seasonably made by plea in abatement. Case in judgment.

The defendant, a negro, was brought into open court on September 30, 1904, and entered into a recognizance for his appearance to answer the State on a charge of murder to be preferred against him by indictment. The indictment was not returned by the grand jury until November 18. He made no objection to the formation of the grand jury until the case was called for trial at the January term, when he filed a plea in abatement challenging the constitution of the grand jury upon the ground that negroes were excluded therefrom on account of their race and color. The plea contained no averment that the defendant did not know of the matters upon which his objection was based prior to the finding of the indictment or before the time of the filing of the plea. The plea in abatement was stricken out because not filed within the time prescribed by law, and not sufficient in form and substance. **Held:** The plea in abatement came too late, and was not sufficient in form and substance.

Acts cited and construed: 1901, ch. 154.

Case cited and approved: Agnew v. United States, 165 U. S., 42. '

2. **TRAVERSE JURY.** Objection that negroes are excluded from trial panel, is not sustained, when.

A motion to quash the trial venire on the ground that negroes were excluded therefrom and from the jury list from which the panel was drawn because of their race and color is not sustained by the affidavit of the defendant alone verifying the motion to quash.

Cases cited and approved: Ransom v. State, 116 Tenn., 355; Smith v. Mississippi, 162 U. S., 596.

Rivers v. State.

Case cited, approved and distinguished:   Carter v. Texas, 177
U. S., 447.

**3.  VOLUNTARY  MANSLAUGHTER.**  Verdict for, supported
by the facts.

A verdict of guilty of voluntary manslaughter, fixing the pun-
ishment of defendant at three years' confinement in the peni-
tentiary, is abundantly sustained by the evidence in this case,
and the facts set out in the opinion, and no claim was made
that the defendant had been prejudiced on the merits of the
cause.

Code cited and construed:   Sec. 6351 (S.);  5268 (M. & V.);  4516
(1858).

Case cited and approved:   Wilson v. State, 109 Tenn., 167.

FROM  HAMILTON.

Appeal in error from the Criminal Court of Hamilton
County.—S. D. McReynolds, Judge.

John H. Early, for Rivers.

Attorney-General  Cates, for the State.

Mr.  Justice  Wilkes delivered the opinion of the
Court.

Defendant is convicted of voluntary manslaughter for
the killing of Prof. Caruthers, and sentenced to three
years in the State penitentiary; and he has appealed.
He assigned no errors upon the merits of the case; and
there is no contention that he is not guilty of the offense

of which he is convicted.  There are two assignments of error, and only two, insisted upon, either in the assignment or in the argument at the bar.

The first is that the court erred in striking out the defendant's plea in abatement to the indictment; and the second is that the court erred in overruling the defendant's challenge to the array of jurors, and in refusing to quash the venire.

The plea in abatement to the indictment, as well as the motion to quash the venire and the challenge to the array of jurors, are based exclusively upon the fact that, because of their race or color, no negroes were placed upon the grand jury or upon the list of jurors from which the traverse jury was selected; and the contention is that, because of this fact, the defendant, who is a negro, has been denied the equal protection of the law, which has been guaranteed to him by the fourteenth amendment to the constitution of the United States. The deceased was also a negro.

The plea in abatement sets out these facts, and that there is a large negro population in Hamilton county, and that many of them are householders and freeholders, upright and intelligent, and known for their integrity, fair character, and sound judgment, and possessing all the qualifications required by law for jury service; yet the jury commission appointed for the county of Hamilton, pursuant to the provisions of chapter 154, p. 273, of the Acts of 1901, have all the time made up the jury lists for the county of white men only, and have

persistently eliminated and excluded the names of all negroes therefrom, and that the grand jury, which indicted the defendant, was made up exclusively of white men, and the names of all negroes were eliminated and excluded, solely on the ground of their race and color; and by reason of these premises, the defendant has been denied the equal protection of the laws, guaranteed him by the fourteenth amendment to the constitution of the United States.

The attorney-general moved to strike the plea from the files; and this motion was sustained by the court.

It is insisted on behalf of the State that this plea in abatement was properly stricken out, because it was not filed within the time prescribed by law, and was not sufficient in form and substance.

It appears from the record that the defendant was brought into open court on the 30th of September, 1904, to answer the State on a charge of murder, and entered into a recognizance with sureties to appear from day to day in court, and answer the State of Tennessee on the charge preferred against him by indictment, and not to depart the court without leave.

It appears, however, that the indictment was not actually returned by the grand jury, and filed in the office of the clerk, until the November term of the court, 1904, and on the 18th day of November. It appears, therefore, that the defendant had notice that he would, probably, be proceeded against by indictment for the commission of said offense, as early as September 30, 1904, but he

filed no plea and made no objection to the constitution of the grand jury until the 16th day of January, 1905, which was during a term subsequent to that during which he entered his recognizance. The indictment had already been found against him and returned into open court on the 18th of November, 1904; and the plea in abatement was not filed until the case was called for trial upon its merits.

It is manifest, therefore, that before the indictment was returned, the defendant had full notice that the grand jury would consider the charge against him, and he had notice after the 18th of November that the indictment had been found by the grand jury; but he neglected to file his plea until the 16th day of January, 1905.

It is said by Wharton, in his work on Criminal Pleading & Practice, that where a defendant is notified that his case is to be brought before a grand jury, he should at once proceed to take exceptions to its competency. If he lies by until the indictment is found, then the exception may be too late, and in all cases where, having prior opportunity and capacity to object, he made no objection. Wharton's Cr. Pl. & Pr., section 350a.

This is, also, the requirement of Acts 1901, p. 281, c. 154, section 17; and the reason underlying the requirement is that the defendant cannot stand by and speculate upon the probability of the grand jury finding, or not finding, an indictment against him; and if they should find such indictment, he may thereupon attack the constitution of the grand jury.

In the case of *Agnew* v. *United States,* 165 U. S., 42, 17 Sup. Ct., 235, 41 L. Ed., 624, an indictment was returned against the defendant December 12, 1895, and, on December 17, 1895, he was permitted in the lower court to file a plea in abatement. The supreme court held, however, that such plea was too late, for the reason that the defendant had not challenged the competency or legality of the grand jury at the earliest possible moment. Chief Justice Fuller said, in reference to the plea in abatement, that it must be pleaded with strict exactness; and he cites Mr. Wharton as laying down a rule that the defendant must take the first opportunity in his power to make the objection; where he is notified that his case is to be tried by the grand jury, he should proceed at once to take exceptions to its competency, for if he lies by until the bill is found, the exception may be too late.

In that case, the court further said: "The original venire was issued November 18th. The second venire was issued December 2, 1895. The court opened December 7, 1895, and the indictment was returned December 12th, yet the defendant did not file his plea in abatement until December 17th."

The court continues: "The plea does not allege want of knowledge of threatened prosecution on the part of defendant, nor want of opportunity to present his objection earlier, nor assign any ground why exception was not taken or objection made before; and, moreover, the plea is fatally defective in that, although it is stated

Rivers v. State.

that the drawing 'tended to his injury and prejudice,' no grounds whatever are assigned for such conclusion, nor does the record exhibit any such." Bishop's New Cr. Procedure, section 877.

Applying the rule announced to the facts in this case, it appears that the defendant was brought into open court on the 30th of September, 1904, to answer the charge of murder; that the indictment. was found against him on the 18th of November, but he made no objection until the case was called for trial on the 16th day of January, 1905, and then only by a plea which did not negative previous knowledge that a prosecution was intended against him, or that he knew of the incompetency of the grand jury.

We are of opinion, therefore, that the plea in abatement came too late, and that it was not sufficient in form and substance.

As to the challenge to the array of the traverse jury: This assignment does not appear to be pressed in this court by the defendant. It was called to the attention of the court below upon a motion to quash; but this appears to have been based alone upon the affidavit of the defendant himself.

It was held in the case of *Smith* v. *Mississippi,* 162 U. S., 596, 16 Sup. Ct., 900, 40 L. Ed., 1082, that this is not sufficient; and Mr. Justice Harlan said: "The facts stated in the written motion to quash, although that motion was verified by the affidavit of the accused, could

117 Tenn—16

not be used as evidence to establish those facts, except with the consent of the State prosecution, or by order of the trial court. No such consent was given and no such order was made. The grounds assigned for quashing the indictment should have been sustained by distinct evidence introduced, or offered to be introduced, by the accused. He could not, of right, insist that the facts stated in the motion to quash should be taken as true simply because his motion was verified by his affidavit. The motion to quash was, therefore, unsupported by any competent evidence. Consequently, it cannot be held to have been erroneously denied."

This case was approved by the supreme court of the United States in *Carter's Case,* 177 U. S., 447, 20 Sup. Ct., 687, 44 L. Ed., 839; but must be distinguished from that case by the fact that, in the *Carter Case,* the trial judge refused to hear proof, while in the *Smith Case,* as well as the case we are now considering, there was no effort to introduce proof.

We have, therefore, a case where it is not even suggested that the defendant has been injured by the mode of proceeding; and the record shows beyond a reasonable doubt that the defendant pursued, and recklessly stabbed to death, the deceased. There is no claim that he has been prejudiced on the merits of the cause; and it is a clear case for the enforcement of the statute (Shannon's Code, sec. 6351) which is as follows:

"No judgment, decision, or decree of the inferior court shall be reversed in the supreme court, unless for errors

which affect the merits of the judgment, decision, or decree complained of." See, also, *Wilson* v. *State,* 109 Tenn., 167, 70 S. W., 57.

We are of opinion, therefore, that there is no error in the proceedings and judgment of the court below; and the judgment is affirmed, with costs.

This is in accord with the recent holding of this court in the case of *Ernest Ransom* v. *State,* 116 Tenn., 355, 96 S. W., 953, opinion delivered by Mr. Justice McAlister.