## JIM PENNEL *v.* STATE.

### (*Nashville.*    December Term, 1909.)

1. **CRIMINAL LAW.** Plea in abatement to indictment for irregularities in selecting grand jury must be made at the first opportunity.

A plea in abatement to an indictment raising objection to the formation of the grand jury finding and preferring the same, or upon the ground of irregularity in selecting the grand jury, must be seasonably interposed, and must be made at the first opportunity.

Cases cited and approved: Ransom v. State, 116 Tenn., 359; Rivers v. State, 117 Tenn., 235; Agnew v. United States, 165 U. S., 36.

Case cited and distinguished: Crowley v. United States, 194 U. S., 461.

2. **SAME.** Same. Case in judgment where such plea in abatement comes too late.

A plea in abatement for irregularities in selecting the grand jury, as shown in the preceding headnote, filed more than two months after the return of the indictment, and after the defendant's arraignment and plea of not guilty, after the impanelment and oath of the trial jury, and after his plea of not guilty was withdrawn by leave of the court, comes too late, though Acts 1897, ch. 121, allows pleas in abatement and in bar to be filed at the same time.

Acts cited and construed: Acts 1897, ch. 121.

Case cited and approved: Turner v. State, 111 Tenn., 593.

3. **SAME.** Requisites of pleas in abatement.

Pleas in abatement are strictly construed, and must possess the highest degree of certainty known to the law in every particular, and they must exclude, by proper allegations and aver-

Pennel v. State.

ment, every legal intendment or. conclusion that might other-
wise be made against them by the court.  (*Post, p.* 631.)

Cases cited and approved:    State v. Willis, 11 Humph., 222;
Smartt v. State, 112 Tenn., 539.

4. **SAME.**  **Plea in abatement to indictment for irregularities in
selecting grand jury must negative earlier opportunity to file
it, when.**

A plea in abatement to an indictment for irregularities in select-
ing the grand jury, filed more than two months after the return
of the indictment found, is fatally defective, if it fails to aver
that it was filed at the earliest opportunity after knowledge of
the indictment, or if it fails to negative the existence of an op-
portunity to file such plea earlier, or fails to aver the want of
knowledge of such irregularity before the arraignment, plea of
not guilty, and impanelment of the trial jury.  (*Post, pp.* 631,
632.)

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson
County.—W. M. HART, Judge.

J. H. ZARECOR and JAMES NEWMAN, for Pennel.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. CHIEF JUSTICE BEARD delivered the opinion of
the Court.

This cause is before us on appeal, and the only error
assigned is to the action of the trial judge in overruling
the defendant's plea in abatement to the indictment
upon which he was convicted.  This plea is as follows,
viz. :

"STATE OF TENNESSEE *v.* JIM PENNEL.

"Comes the defendant, Jim Pennel, in proper person, and for plea to the indictment filed in this case says it is invalid and void for the following reasons:

"(1) That the thirteen members constituting the grand jury that found and returned the indictment in this case were appointed by the judge of the criminal court of Davidson county and not formed (drawn) by lot.

"(2) That the members constituting the grand jury that found and returned the indictment in this case were appointed by the judge of the criminal court of Davidson county, Tennessee, from a list of names reported by the board of jury commissioners of said county to the clerk of the criminal court as the panel of grand and petit jurors for said term, and duly summoned by the sheriff of said county to attend said court under a writ of *venire facias* issued to him by the clerk of said court; that said judge appointed, selected, and designated from said list said thirteen names as the regular grand jury for said term, without directing the names of all the jurors in attendance at said term, which were more than thirteen, to be written on scrolls and placed in a box, or other suitable receptacle, and drawn by a child under ten years of age.

"(3) That the chairman of the board of jury commissioners of said county failed to deliver in open court, to the judge of said court, on the first day of the term thereof, the slips or scrolls in a sealed envelope,

Pennel v. State.

on which was written the names of the jurors drawn by said board, and the judge of said court failed to compare the list contained in the report filed with the clerk with the names on said slips, or scrolls, before he appointed the grand jury in this case.

"Wherefore defendant prays judgment on his said plea, and that said indictment be abated and quashed."

This plea was properly verified by the oath of the defendant below. In support of it the counsel for plaintiff in error, at the bar and on brief, in an able and critical manner, has brought to the attention of this court the various statutory and Code provisions prescribing the mode of selecting grand jurors, and insists that the grand jury which found the indictment in this case was organized in disregard of these provisions, and that his conviction, resting as it does on this indictment, was unwarranted and inoperative in law. Without conceding the soundness of this contention, the attorney-general answers that the plea cannot avail the plaintiff in error to raise the question thus presented to the court, for two reasons: First, because not seasonably filed; and, second, because it fails to negative certain essential matters to be hereafter mentioned.

With regard to the first of these insistences, the record shows that the indictment in question was returned by the grand jury on October 13, 1909, and that the defendant did not file his plea in abatement, or otherwise offer any objection to the manner in which the grand jury was selected, until December 20, 1909—a

122 Tenn—40

period of two months and seven days—and then not until after he was arraigned, had entered a plea of not guilty, and a jury had been impaneled and sworn to try the issue upon this plea. It was only after all these steps had been taken he obtained leave of the court to withdraw his plea of not guilty and file a plea in abatement.

In the case of *Agnew* v. *United States*, 165 U. S., 36, 17 Sup. Ct., 235, 41 L. Ed., 624, where the indictment was returned against the defendant December 12, 1895, and he filed a plea of abatement on December 17th following, alleging irregularities in drawing the jurors, it was held that the plea came too late. Mr. Chief Justice Fuller, in the opinion in that case, quoted with approval from Wharton's Criminal Procedure and Practice, secs. 344-350, as follows: "Material irregularities in selecting and impaneling the grand jury, which do not relate to the competency of individual jurors, may usually be objected to by challenge to the array, or by motion to quash, or by plea in abatement; that the question of mode in which such objections are to be taken largely depends upon local statute, but that certain rules may be regarded as generally applicable. One of these rules is that the defendant must take the first opportunity in his power to make the objection. Where he is notified that his case is to be brought before the grand jury, he should proceed at once to take exception to its competency, for if he lies by until a bill is found the exception may be too late; but when he

has had no opportunity of objecting to the bill found, then he may take advantage of the objection by motion to quash, or by plea in abatement — the latter in all cases of contested fact being the proper remedy."

The authority of this case was recognized and the rule announced therein was applied by this court in *Ransom* v. *State,* 116 Tenn., 359, 96 S. W., 953, and *Rivers* v. *State,* 117 Tenn., 235, 96 S. W., 956.

In the first of these cases, the murder of which Ransom was accused was committed on August 1, 1905, and within twenty-four hours thereafter he was arrested and bound over to the next term of the criminal court, which convened on September 4, 1905. On the first day of that term the court selected from the venire a grand jury to serve during that term. On the 8th of September the grand jury returned a true bill, charging Ransom with the crime of murder in the first degree. Thereafter Ransom demanded a special panel, and on the 21st of October, 1905, the court ordered that the jury books be brought into open court and a panel drawn therefrom, to be summoned by the sheriff to appear October 24, thereafter, on which day the case had been set for trial. On that day Ransom, through his counsel, presented for the first time an objection to the grand jury, viz., that all persons of African descent had been excluded therefrom. This objection, in the form of a written motion to quash the indictment, was overruled by the trial judge, and his action upon appeal from a judgment of conviction was made

the basis of an assignment of error in this court, when it was held that the ruling of the trial judge could not be impeached for two reasons, one of which was that the objection to the formation of the grand jury was not seasonably interposed.

In *Rivers* v. *State*, supra, the same objection was offered to the constitution of the grand jury as that presented in Ransom's Case. It appeared from the record that Rivers was brought into open court on September 30, to answer the State on the charge of murder, and entered into recognizance with sureties of his appearance. The indictment was not returned by the grand jury until November 18, 1904. The defendant filed no plea and made no objection to the constitution of the grand jury until January 16th following, at which time another term of the court was in session. On these facts appearing in the record, this court, on the authority of the cases of Agnew and Ransom, supra, held that the plea in abatement came too late.

In each of the cases referred to above it appears that the defendant had been committed to await the action of the grand jury prior to its organization, and thus had notice that the grand jury would be called upon to act upon an indictment against him. The present case, however, is to be distinguished, as it does not appear from the record whether or not plaintiff in error, Pennel, was committed in advance of the meeting of the grand jury; but it is disclosed, as has already been stated, that the indictment was returned against

him two months and seven days before he filed his present plea in abatement, or made any other objection to the constitution of the grand jury.

It is insisted by counsel for the plaintiff in error, that the distinction just pointed out radically distinguishes the present case from those of Ransom and Rivers, supra, and that the opinions in those cases cannot be relied upon as authority for the contention of the State on this point. Those cases, however, announce the general rule that, in order to avail the defendant, his plea in abatement must be seasonably interposed, and applied it to the facts disclosed; but it by no means follows that it will only be enforced where long lapses of time have intervened between the commencement of the criminal proceedings and the filing of the plea challenging the organization of the grand jury. In each case which is presented, the question is whether the defendant has availed himself of his first opportunity to make objection as to the regularity in the composition of the grand jury which has preferred the indictment against him. If the record shows that he has not done this, then upon the authority of these cases, as well as of the text-book authors who have written on the subject of criminal procedure, his plea must fail.

It is said, however, that the authority of *Agnew* v. *United States,* supra, has been overthrown by the later case of *Crowley* v. *United States,* 194 U. S., 461, 24 Sup. Ct., 731, 48 L. Ed., 1075, and that this necessarily breaks the force of the Ransom and Rivers cases, rest-

ing as they did upon that of Agnew. It will be seen, however, upon an examination of the opinion in the Crowley Case, that the early or Agnew Case is not mentioned. The facts of the two cases were entirely dissimilar. In the early case no question was made in the plea in abatement as to the personal disqualification of the grand jury which found the indictment. In the later, however, the objection was made that the grand jurors were disqualified by the statute of Porto Rico, in one of whose courts the trial was had. In the Agnew Case, the plea in abatement was not filed until five days after the indictment was returned, and it did not allege want of knowledge of the threatened prosecution, nor want of opportunity to present his objection earlier, nor did it assign any ground why exception was not taken or objection made before; while in the Crowley Case "the accused was not in court when the grand jurors were selected and the grand jury impaneled. So far as appeared from the record, he was not aware that his case would be taken up by the grand jury. . . . His objection to the qualification of the grand jurors was made promptly—three days after the indictment was returned—before he was arraigned, and as soon as he learned of the fact upon which the objection was based." Thus it will be seen that the court here clearly indicates a recognition of the rule that such a plea must be seasonably interposed. In the case at bar, not only was the defendant arraigned upon the indictment in question and entered his plea of not guilty, but it was

only after a jury was impaneled and sworn to try the issue joined that, upon motion, he was permitted to withdraw that plea and then file his plea in abatement. We think, upon all these authorities, that this plea came too late. Even if it were granted that the conclusion above announced was unsound, yet we think that the plea was fatally defective in its lack of essential averment. In Bishop's New Criminal Procedure, vol. 1, sec. 884a, it is said: "If the want of an opportunity to challenge the panel is an element in the right to maintain the plea, the existence of such opportunity must be negatived." In *State* v. *Wills,* 11 Humph., 222, it is said by this court: "Pleas in abatement are not favored by law. They are construed with much strictness, and must possess the highest degree of certainty known to law in every particular. They must exclude, by proper allegations and averment, every legal intendment or conclusion that might otherwise be made against them by the court." See, also, *Smartt* v. *State,* 112 Tenn., 539, 80 S. W., 586.

In the case at bar, plaintiff in error does not aver want of knowledge of the competency of the grand jury before his arraignment and plea of not guilty, nor lack of opportunity to present his objection earlier. It is true that it does not appear from the record that prior to the assembling of the grand jury he had been arrested for the offense for which he was indicted; but, as has already been stated, the record shows that two months and seven days elapsed between the return of

the indictment and the interposition of his plea.    In view of this period of time thus intervening, we think it was incumbent upon him to aver that his plea was filed at the earliest opportunity after knowledge of the existence of the indictment was brought home to him.

It is said, however, that the plea in abatement in the present case was seasonably filed, under chapter 121 of the Acts of 1897, which provides that "a defendant can in any suit plead both in abatement and in bar at the same time; and the plea in bar is no waiver of the plea in abatement, and when so pleaded both pleas shall be heard at the same time and judgment rendered in each plea."

This statute, however, cannot avail the defendant in this case, because his pleas in abatement and in bar were not filed at the same time.    It is true that both were filed on the same day; but the plea in bar was first filed, and the cause, as has been seen, had proceeded to the impaneling of the jury to try the issue raised by that plea.    It was after the withdrawal of that plea that the plea in abatement was filed.    If, however, both pleas had been filed at the same time, the question still would be, as to the plea in abatement, whether it was seasonably filed and in other respects contained the elements essential to such a plea.    The case of *Turner* v. *State,* 111 Tenn., 593, 69 S. W., 774, while holding that the statute in question applied to both criminal and civil cases, did not intimate that of the change of practice effected by this act that the

Pennel v. State.

rules invoked by the State in this case were to any extent or in any respect modified or affected by the terms of that act.

We think that there was no error in the action of the trial judge in holding the plea in the present case insufficient in law, and his judgment in every respect is therefore affirmed.