## VANN v. LOWE, No. 1.—171 S. W. (2d) 413.

Eastern Section.   November 27, 1942.

Petition for Certiorari denied by Supreme Court, May 8, 1943.

Harry G. Sabine and J. B. Redmond, both of Crossville, for plaintiff in error.

Cyril J. Smith, of Rockwood, for defendant in error.

McAMIS, J. Plaintiff in error Henry Vann, here referred to as defendant, was sued before a Justice of the Peace of Roane County in an action of debt. Before the Justice, written pleas of the statute of limitations and the statute of frauds were filed and overruled, judgment being rendered for the amount laid in the warrant.

Upon appeal to the circuit court, defendant tendered a plea in abatement asserting that at the time of the commencement of the action both plaintiff and defendant were residents of Cumberland County. A motion was also made for permission to withdraw the pleas in bar and for a trial upon the issues presented by defendant's plea in abatement.

The circuit judge was of opinion and held that, by filing pleas in bar, defendant waived the right to challenge the jurisdiction of the court over his person and that the plea in abatement came too late. The case proceeded to trial, the issues being found in favor of the plaintiff and against the defendant. Defendant filed a motion for a new trial which was overruled and he has appealed

in error to this court raising, as his primary insistence, that the trial court erred in not sustaining his plea in abatement.

There is a serious question upon the record as to whether defendant was a bona fide resident of Cumberland County, as insisted, but, pretermitting that question, we think there was no error in refusing to permit defendant to withdraw his pleas in bar and file, for the first time in the Circuit Court, a plea to the jurisdiction upon the ground that he was not properly sued in Roane County.

The statute, Code, Sec. 8751, expressly provides that actions may be abated by plea of the defendant in certain cases, among them cases where both plaintiff and defendant reside at the time of the suit in the same county and the action is instituted in another county. The action sued upon was transitory in nature, as will be seen hereinafter, and followed the person of defendant. The court had jurisdiction of the subject matter of the suit and, the provisions of the statute conferring upon the defendant the privilege of having the suit tried in his own county, was a matter which he could claim or not as he saw fit. However, if he intended to invoke the provisions of the statute, well established rules of pleading and practice required that he do so at the initial stages of the proceeding.

"If the defendant appears and pleads to the merits before a justice of the peace, it is too late to file a plea in abatement in the circuit court to which an appeal has been taken." West Tennessee Agricultural, etc., Ass'n v. Madison, 77 Tenn. (9 Lea), 407. See also Tigert v. Walker, 2 Tenn. Civ. App. (2 Higgins), 567.

Before the enactment of the Acts of 1897, now Code, Sec. 8756, the rule was well established that a plea in abatement could not be filed after a plea in bar. Now, by the terms of the statute, pleas in abatement and pleas in bar may be simultaneously filed but, as has been seen, the pleas in bar were filed before the Justice of the Peace and the plea in abatement after the case was appealed to the circuit court.

In Pennel v. State, 122 Tenn. 622, 125 S. W. 445, defendant was permitted to withdraw his plea in bar and file a plea in abatement and it was held that the plea in abatement came too late, notwithstanding the provisions of the statute permitting pleas in abatement and pleas in bar to be filed at the same time. Thus, as held in West Tennessee Agricultural Ass'n v. Madison, supra, the plea in abatement in this case, filed after the case reached the circuit court, came too late and, as held in the Pennel case, the statute does not alter this rule of established practice.

By pleading to the merits before the Justice of the Peace, we think defendant lost the right to challenge the jurisdiction of the court over his person. For general discussion of this question see Higgins and Crownover "Tennessee Procedure in Law Cases," Sec. 517. We are further of opinion there was no error in the action of the court in refusing to permit defendant to withdraw his pleas to the merits and file a plea in abatement. The first two assignments are accordingly, overruled.

We find without merit the insistence made under the third assignment that the transaction arose out of an illegal contract to engage in the sale of liquor. The proof shows that the parties, plaintiff and defendant,

entered into a partnership agreement to operate a road-house and there is some proof that during the operation of the business liquor was sold. However, the present action is merely an action upon an agreement by which defendant agreed to pay plaintiff for his interest in the business. The mere fact that the business, at some time, may have been engaged in illegal transactions does not make the contract here sued upon illegal and unenforceable.

Finally, it is insisted that the court erred in finding that defendant agreed to pay plaintiff $200 in addition to the amount paid at the time of dissolution. The proof shows that defendant stated to one of the witnesses introduced by plaintiff that he owed plaintiff and intended to pay him and that he would have done so if plaintiff had not instituted suit. Without discussing the evidence in detail, we think there was no error in rendering judgment upon the contract for $200 and it results that the assignments are overruled and the judgment below affirmed with costs.

Ketchum and Hale, JJ., concur.