IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

# RONALD C. MITCHELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6289     Joseph H. Walker, Judge**

---

**No. W1999-01097-CCA-R3-PC - Decided April 6, 2000**

---

Ronald C. Mitchell appeals from the Lauderdale County Circuit Court's denial of his petition for post-conviction relief following an evidentiary hearing. He contends that he is entitled to post-conviction relief from a conviction for felonious possession of cocaine because (1) he received the ineffective assistance of trial counsel, (2) he received the ineffective assistance of appellate counsel, (3) the convicting trial court's admission of a pager and money violated his right to due process, and (4) the systematic exclusion of African-Americans from the position of grand jury foreperson violated his right to equal protection. We affirm the trial court's denial of the petition.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIPTON, J., delivered the opinion of the court, in which WELLES, J., and LAFFERTY, SR.J., joined.

D. Michael Dunavant, Ripley, Tennessee, for the appellant, Ronald C. Mitchell.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Mark Davidson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner seeks post-conviction relief from his 1996 conviction for possession with intent to deliver more than one-half gram of cocaine, a Class B felony. He was sentenced as a Range II, multiple offender, to fourteen years confinement in the custody of the Department of Correction, and the judgment of conviction was affirmed on direct appeal. State v. Ronald Mitchell, No. 02C01-9702-CC-00070, Lauderdale County (Tenn. Crim. App. Sept. 15, 1997). The petitioner presents the following issues for our review:

    (1) whether he received the ineffective assistance of trial counsel;

    (2) whether he received the ineffective assistance of appellate counsel;

    (3) whether the convicting trial court erred by admitting into evidence a pager and

money found on the petitioner's person; and

(4) whether the systematic exclusion of African-Americans from the position of grand jury foreperson violated his right to equal protection.

We affirm the trial court's denial of the petition.

The facts underlying the petitioner's conviction are that the petitioner was stopped after an officer's radar detected the petitioner driving seventy-seven miles per hour in a fifty-mile-per-hour zone. Once he stopped, however, the petitioner ran from the officer. When he was apprehended a few minutes later, officers found crack cocaine, over two hundred dollars, and a pager on the petitioner's person. The petitioner was convicted of possession with intent to deliver more than one-half gram of cocaine, evading arrest, and driving on a revoked license.

At the evidentiary hearing, Correy Currie and Mario Fulton testified that they were friends of the petitioner and that the petitioner cut their hair. They said that they would page the petitioner when they needed haircuts. They said that they would have testified at the petitioner's trial but that the petitioner's trial attorney never contacted them.

The petitioner's trial attorney testified that she and the petitioner discussed two potential defense theories: (1) that he was a user, not a dealer, and (2) that Officer Jackson, who arrested the petitioner, planted the drugs on him. She initially presented both theories to the jury because at the time of trial, the petitioner had not decided which theory he wanted to pursue. She and the petitioner discussed the fact that his parole officer had received positive drug screens on the petitioner around the time of his arrest, and she subpoenaed the officer at the petitioner's request to testify in support of the theory that he was a drug user, not a dealer. The petitioner's attorney said that the officer did not testify because the petitioner decided during the trial that he wanted to pursue only the theory that the drugs had been planted.

The trial attorney testified that the petitioner told her about previous "run-ins" with Officer Jackson. She did not file a motion to suppress the stop and the resulting evidence, though, because her investigation revealed that Officer Jackson had stopped the petitioner for speeding and the petitioner told her he had accelerated while passing another car. She did not believe that a motion to suppress would have been successful, but she would have filed it at the petitioner's request.

The attorney testified that both she and the petitioner were aware that the state had his pager and the money Officer Jackson found on him when he was arrested. The attorney's goal was to keep the pager and the money from being admitted into evidence. She debated whether to file a motion to suppress but decided instead to wait and see if the state tried to introduce the evidence. Because the state had not filed notice of its intent to use the evidence pursuant to Rule 12, Tenn. R. Crim. P., she believed she had a good argument to exclude the evidence at trial. When the state tried to introduce the evidence, she objected pursuant to Rules 12 and 16, but the trial court admitted the evidence. She did not move for a continuance for time to file a motion to contest the admissibility of the evidence because she did not believe it would benefit the petitioner. The attorney testified that

after the evidence was admitted, the petitioner did not provide her with names of witnesses who would testify that they paged the petitioner for purposes other than drug transactions. She said that had the petitioner provided her with such witnesses, she would have subpoenaed them. She said the petitioner and his girlfriend testified at trial and explained that the pager and the money related to the petitioner's haircutting business.

The trial attorney testified that she did not request a sample of the cocaine for independent testing because she believed that two experts would then be available to testify that the substance was cocaine. She said that an agent testified at trial that although the substance contained a cutting agent, it was approximately eighty-five percent pure cocaine. She said that at trial, the envelope with the cocaine inside was admitted into evidence. She did not move for the envelope to be opened and the cocaine shown to the jury because she did not want to introduce the cocaine to the jury.

The petitioner's attorney on appeal testified that he reviewed the petitioner's trial attorney's motion for a new trial and argued on appeal only those issues that he felt had merit. He discussed with the petitioner which issues to raise. He said that the petitioner was consumed with the idea of racial imbalance in the grand jury and that he had to convince the petitioner that the issue could not be raised on direct appeal because no evidence existed in the record either to support or refute the claim.

Richard Jennings testified that he has been the Lauderdale County Circuit Court Clerk for eighteen years. Grand jury foremen are chosen by the judges in that district, and people who are interested in the position generally tell the judges. He did not believe that the Lauderdale County Circuit Court had ever had an African-American grand jury foreman, but African-Americans regularly served on juries.

The petitioner testified that he always told his trial attorney that he wanted his defense to be that Officer Jackson planted the drugs. The petitioner said he told his attorney that he was not speeding when he was stopped and that Officer Jackson had threatened him in the past. He said that after the pager and cash were admitted into evidence, he gave his attorney names of other people who could explain why he had a pager. He said that he did not know which names he gave his attorney. With respect to his attorney's failure to seek independent testing of the drugs, the petitioner testified that regardless of what the tests revealed, he still would have presented the defense that the drugs were planted by Officer Jackson. He testified that his appellate attorney never discussed with him which issues to raise. After considering the foregoing evidence, the trial court denied the post-conviction petition, finding that the petitioner had failed to establish either deficient performance by the trial or appellate attorney or prejudice.

## I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The petitioner contends that he received the ineffective assistance of trial counsel. Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.

2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The petitioner must show both deficiency and prejudice by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Since the creation of post-conviction procedures, the findings of the trial court in a post-conviction case have been given the weight of a jury verdict. See Janow v. State, 4 Tenn. Crim. App. 195, 200, 470 S.W.2d 19, 21 (1971). Our long-held standard of review on appeal bound us to the trial court's findings of fact unless we concluded that the evidence preponderated against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This traditional standard prevented us from reweighing or reevaluating the evidence or substituting our own inferences for those drawn by the trial court. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony were resolved by the trial court, not this court. Id. This court has held that it would give due deference to the trial court's findings regarding the ineffective assistance of counsel under the well-settled standard set forth in Henley. Richard C. Taylor v. State, No. 01C01-9707-CC-00384, Williamson County, slip op. at 26 (Tenn. Crim. App. July 21, 1999).

While reaffirming the Henley standard for purely factual issues, our supreme court recently stated that "the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact" requiring a de novo review by this court. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We do not believe that the supreme court intended in one sentence, without further discussion, to overrule sub silentio over thirty years of jurisprudence regarding the standard of review in post-conviction cases. Thus, we believe that the standard of review remains whether the evidence preponderates against the trial court's finding that the petitioner received the ineffective assistance of counsel. In any event, we believe that both standards yield the same result in this case.

The petitioner first contends that his trial attorney was ineffective for failing to subpoena Mr.

-4-

Currie and Mr. Fulton to testify that the petitioner used his pager for haircut appointments. In denying the petition, the trial court accredited the trial attorney's testimony that the petitioner did not provide her with the witnesses' names. The trial court further found that the petitioner failed to show prejudice in light of the fact that he and his girlfriend both testified at trial that the petitioner used his pager for reasons other than drug transactions, but the jury rejected that theory. We hold that the record supports the trial court's findings.

Next, the petitioner challenges his attorney's failure to file a motion to suppress "the fruits of the illegal, pretextual stop and arrest of the Appellant." The only evidence the petitioner presents to support his contention that the stop was pretextual is his own testimony at the evidentiary hearing. However, the petitioner's attorney testified that the petitioner told her that he was stopped after accelerating to pass another vehicle. The trial court determined that:

> [t]he facts established that the petitioner was speeding, and that once the police officer attempted to stop the petitioner with the blue lights he failed to yield to the blue lights. After petitioner pulled into a driveway, he jumped from the vehicle leaving it on, and fled into the woods, where he was later apprehended, and the drugs discovered on his person. Petitioner has failed to come forward with any legal basis to show that [a] motion to suppress would have any different results.

We concur with the trial court's finding that the petitioner has failed to demonstrate that the results of the proceeding would have been different had a motion to suppress been filed. We note, in particular, our supreme court's holding that "a stop based upon probable cause is valid under the Tennessee Constitution, without regard to the actual subjective motivations of police officers." State v. Vineyard, 958 S.W.2d 730, 731 (Tenn. 1997). Thus, pretext does not invalidate a stop based upon probable cause.

The petitioner further contends that his trial attorney was ineffective for the following: (1) failing to move for sanctions pursuant to Rule 16, Tenn. R. Crim. P., such as a continuance, after the state sought to admit into evidence the pager and money found on the petitioner at the time of his arrest, (2) failing to request a sample of the drugs for independent testing after the testifying officer said that some of the substance was a cutting agent, (3) failing to object when the sealed envelope containing the drugs was admitted without showing the actual drugs to the jury, and (4) failing to object to the defective chain of custody of the drugs.

Our review of the record reveals that the issues are without merit. With respect to his attorney's failure to request a continuance, this court determined on direct appeal that any error with respect to admission of evidence in violation of Rule 16 was harmless. Thus, the petitioner has failed to establish prejudice. Regarding his attorney's failure to request a sample of the drugs for independent testing, the trial attorney testified that she viewed such a request to be unnecessary, particularly in light of the petitioner's insistence that the drugs were planted. Furthermore, the petitioner has made no showing and makes no argument that the substance was not cocaine or that the amount was less than what the proof showed at trial. Regarding his attorney's failure to object to admission of the sealed envelope, the attorney testified that she did not want to be the one to show

the actual drugs to the jury. In addition, the petitioner has not shown that the outcome of the trial would have been different had such an objection been made. The same is true with respect to the petitioner's argument that the chain of custody of the drugs was defective. He has simply made no such showing. Under these circumstances, we conclude that the record supports the trial court's finding that the petitioner received the effective assistance of trial counsel.

## II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The petitioner contends that he received the ineffective assistance of appellate counsel. The gist of the petitioner's argument is that although trial counsel presented approximately eleven issues in the motion for a new trial, appellate counsel presented only four of those issues on direct appeal. The trial court determined that "appellate counsel appears to have made an informed decision with regard to which issues to present to the Court of Criminal Appeals. The petitioner has not demonstrated that he was prejudiced in any way due to his attorney's strategic decision to limit the issues on appeal . . . ." We note that there is no constitutional requirement that an attorney argue every issue on appeal. Jones v. Barnes, 463 U.S. 745, 750-51, 103 S. Ct. 3308, 3312 (1983); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). Attorneys have the discretion to make tactical decisions regarding what issues to raise on appeal, and their decisions should not be second-guessed by the appellate courts. Id. The attorney testified that he reviewed the motion for a new trial and argued only those issues that he believed had a chance of success. We hold that the record supports the trial court's judgment.

## III. ADMISSIBILITY OF PAGER AND MONEY

The petitioner contends that the trial court's admission of the pager and money, when the state had not given notice of their intent to introduce such evidence, violated his right to due process. The state contends that the issue was previously determined on direct appeal.

Issues previously determined on direct appeal cannot be relitigated in a post-conviction proceeding. Tenn. Code Ann. § 40-30-206(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(h). On direct appeal, the petitioner argued that it was error for the trial court to admit the pager and money when the state violated Rule 16, Tenn. R. Crim. P. This court determined that any error regarding the discovery violation was harmless. The petitioner now argues that the admission violated his constitutional right to due process. We question whether the petitioner actually presents a new ground for relief. In any event, the petitioner is not entitled to relief on this issue because he has failed to demonstrate prejudice. See generally, State v. Ferguson, 2 S.W.3d 912, 914 n.3 (Tenn. 1999) (noting that "[a]s a general rule . . ., a trial lacks fundamental fairness where there are errors which call into question the reliability of the outcome."). Testimony from the evidentiary hearing revealed that both the petitioner and his attorney knew that the state possessed the pager and the money, and his attorney anticipated that the state might try to introduce the evidence at trial. Under these circumstances, the petitioner has not established that he was denied his right to a fair trial.

## IV. DISCRIMINATION -- GRAND JURY FOREPERSON

The petitioner contends that he was indicted by an unconstitutional grand jury because

African-Americans were systematically excluded from the position of grand jury foreperson in the Circuit Court of Lauderdale County. In the alternative, he contends that his trial and appellate attorneys were ineffective for failing to raise the issue at trial and on direct appeal. The state contends that the issue is waived for failure to raise it at the convicting trial and that, in any event, the petitioner failed to show systematic exclusion. The petitioner responds that he did not personally and knowingly waive the issue.

Pursuant to Tenn. Code Ann. § 40-35-206(g), a ground for relief "is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." A rebuttable presumption exists that a ground for relief not raised in such a proceeding is waived. Tenn. Code Ann. § 40-30-210(f). Furthermore, the presumption is not overcome by an allegation that the petitioner did not personally and knowingly waive a ground for relief. House v. State, 911 S.W.2d 705, 714 (Tenn. 1995); see also Holiday v. State, 512 S.W.2d 953, 957 (Tenn. Crim. App. 1972) (petitioner who alleged for the first time at post-conviction discrimination in the composition of the grand jury waived the issue by not making the assertion in the trial court). We hold that the issue should have been raised at the convicting trial.

In any event, the issue is without merit, as is the petitioner's alternative claim that he received the ineffective assistance of counsel. Our supreme court has held that when alleging as unconstitutional the selection of a grand jury foreperson, "to establish a prima facie equal protection claim, Tennessee defendants must offer proof that racial discrimination tainted the entire grand jury." State v. Bondurant, 4 S.W.3d 662, 674 (Tenn. 1999). In addition, "the method of selection of the grand jury foreperson is relevant only to the extent that it affects the racial composition of the entire grand jury." Id. at 675. In the present case, the petitioner offered no evidence regarding the racial composition of the grand jury and, under these circumstances, failed to establish a prima facie claim and failed to prove prejudice.

In consideration of the foregoing and the record as a whole, we affirm the trial court's denial of post-conviction relief.

PER CURIAM
(Tipton and Welles, JJ.; Lafferty, Sr.J.)